NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-30176 |
| Plaintiff-Appellee, | D.C. No. 2:17-cr-00004-RSM-1 |
| v. | |
| TARAY LAVALE DAVID, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted August 19, 2019[**]

Before:    SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Taray Lavale David appeals from the district court's judgment and

challenges the 57-month sentence imposed following his guilty-plea conviction for

being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  We

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

David contends that the district court procedurally erred by failing to consider or address his arguments regarding the mitigating impact of his mental illness. The district court did not plainly err. *See United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010). The court expressly considered David's mitigating arguments and explained that the above-Guidelines sentence was warranted in light of David's repeated firearm possession offenses, his aggravated criminal history, and the need to protect the public. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

David also contends that the above-Guidelines sentence is substantively unreasonable in light of his mental illness and difficult childhood. The district court did not abuse its discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances. *See Gall*, 552 U.S. at 51; *see also United States v. Gutierrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a particular case is for the discretion of the district court.")

**AFFIRMED.**